*941 OPINION OF THE COURT
Thomas A. Demakos, J.
At the conclusion of a capital case when the citizens of the State of New York who served as jurors on that case are asked to take a human life, it is the court’s goal that every aspect of that case had been presented to those jurors in the very best of adversarial proceedings. It is therefore axiomatic that self-representation by an uneducated and ostensibly ill-equipped defendant would hardly serve that end. Thus, the question presented is whether or not a defendant has a constitutional and statutory right to proceed pro se at trial when the stakes are life or death. Despite this court’s misgivings, a review of relevant State and Federal authority requires that this question be answered in the affirmative.
PROCEDURAL HISTORY
The history of this case is not in dispute. The defendant James Allen Gordon was arrested on August 20, 1996 in Memphis, Tennessee, and thereafter charged with the first degree murders of three young women and the attempted murders of two other young women, all arising from a savage rampage approximately six weeks earlier in premises located in Queens County. At the time of Gordon’s arraignment in the Queens County Criminal Court, inasmuch as he was accused of six counts of first degree murder, lawyers from the Capital Defenders’ Office (hereinafter CDO) appeared on his behalf pursuant to Judiciary Law § 35-b.
During the next year and a half, the CDO actively engaged in prolific motion practice and lengthy pretrial hearings, and notwithstanding their vigorous representation, the defendant applied to this court that the CDO be relieved and private counsel assigned. In April 1998, at the conclusion of all motion practice and hearings, and when the case was in a trial posture, this court granted the defendant’s motion[2] and private counsel, Christopher Renfroe, Esq. and Russell Morea, Esq., were assigned pursuant to Judiciary Law § 35-b. This court granted a lengthy five-month adjournment so that the newly assigned counsel could prepare for trial. On the eve of jury selection in September 1998, the defendant Gordon moved this court to proceed pro se.
On September 14, 1998, this court made a searching and exhaustive inquiry of the defendant to ascertain whether or *942 not his waiver of counsel was made competently, intelligently and voluntarily. Gordon was questioned as to his educational background, his employment experience, his criminal history regarding prior observations of court proceedings and his prior representation by counsel. The transcript of the colloquy between this court and the defendant clearly demonstrated that the defendant’s decision to proceed pro se was unequivocal and intelligently made. The defendant was aware that his role as a pro se defendant might encompass questioning jurors and cross-examining witnesses.[3] Indeed, the record also confirmed that despite the defendant’s lack of formal education, he was quite intelligent and fully aware of the heavy responsibilities which he was undertaking.
Here, this court had no doubt that the defendant Gordon, with eyes open, was aware of exactly what he was doing, what choices he was exercising and the risks that he was shouldering.
DISCUSSION
The right to self-representation by a defendant embodies one of the most cherished ideals of civilization: the right of an individual to determine his own destiny. Indeed, this right has been clearly recognized in New York State and has been incorporated in NY Constitution, article I, § 6, which explicitly provides that “In any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel” (emphasis added).[4] The Federal right to self-representation, although equally viable, is less explicit and is incorporated by implication in the Sixth Amendment to the United States Constitution. Such right has since been expressly articulated and ensconced in Faretta v California (422 US 806). Six months prior to that decision, however, the New York Court of Appeals decided People v McIntyre (36 NY2d 10) and set forth clear and specific guidelines regarding a defendant’s right to proceed pro se.
The McIntyre Court held that although the right to self-representation is guaranteed by Constitution, it is neither absolute nor unbridled. Of necessity, there must be limitations *943 in order to promote the orderly administration of justice and to prevent subsequent attacks on a verdict which might claim a denial of fundamental fairness {supra, at 17). Thus, the Court held that a defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of issues {supra, at 17).
A plethora of cases decided since McIntyre (supra) have elaborated on these basic criteria and have addressed numerous issues regarding the defendant’s right to self-representation. Initially, implicit in a defendant’s assertion of his right to defend pro se, is the decision to disavow the constitutional right to counsel (see, People v McIntyre, supra, at 17). And although a criminal defendant has a constitutional right to proceed pro se, he has no constitutional right to “hybrid” representation, that is, to the assistance of a lawyer while conducting a pro se defense[5] (People v Mirenda, 57 NY2d 261, supra). Similarly, a defendant who elects to proceed pro se does not have a constitutional right to appear as “cocounsel”, and to choreograph special appearances by counsel (McKaskle v Wiggins, 465 US 168 [1984]). Thus, the powers and responsibilities which attend the representation of a criminally accused person should never be conferred jointly and equally on the accused and the attorney (People v Bloom, 48 Cal 3d 1194, 774 P2d 698).
As a caveat, however, where a defendant decides to proceed pro se, a Judge may appoint “stand-by counsel” to aid him if and when he requests help and/or to be available to represent him in the event that termination of his self-representation becomes necessary (People v Sawyer, 57 NY2d 12, 22, citing Faretta v California, supra, at 835, n 46). Such a defendant may wish to obtain the assistance of an attorney in an advisory or other limited capacity without surrendering effective control over the presentation of the defense case. Indeed, in New York, the Sawyer Court further held that it may be advisable to appoint “stand-by counsel” in a case that might be long *944 or complicated (ABA Standards for Criminal Justice, Special Functions of Trial Judge, Standard 6-3.7 [2d ed 1980]). Additionally, although there have been other capital defendants in other States who have moved for self-representation, none seemed to have occurred at the precise juncture as in the instant case: on the eve of trial (see, People v Clark, 3 Cal 4th 41, 833 P2d 561 [motion to proceed pro se made midtrial]; People v Bloom, 48 Cal 3d 1194, 774 P2d 698 [motion to proceed pro se made after guilt phase, but prior to the penalty phase]).
Guided by the McIntyre criteria, this court determined that the defendant’s request was unequivocal and timely asserted. Further, this court undertook a “sufficiently ‘searching inquiry5 ” of the defendant regarding his age, background and education, and found that his waiver of counsel was knowing and intelligent (see, People v Smith, 92 NY2d 516, 520, citing People v Slaughter, 78 NY2d 485, 491). This court further determined that the defendant had previous experience in the criminal process, that he had lawyers with whom he had discussed his decision to proceed pro se, that there were many complicated issues involved and that he understood that this court would hold him to the same standard of procedure as it would an attorney. Although Gordon obviously lacked legal skills, mere ignorance of the law cannot vitiate an effective waiver of counsel, as long as the defendant was cognizant of the dangers of waiving counsel at the time it was made (cf., United States v Terranova, 309 F2d 365). Finally, this court determined that the defendant had not engaged in conduct which would prevent the fair and orderly exposition of issues.
That this trial involved capital crimes, thus raising the stakes to life or death, did not vitiate the defendant Gordon’s right to self-representation.[6] It is unfortunate that in recognizing the right to self-representation, a distinction has not been made between minor infractions and cases of this nature in which the penalty is life or death. Viewed in light of the McIntyre principles, the defendant Gordon’s motion to proceed pro se was clearly one for self-representation. Were this court to now deny the motion to proceed pro se, Gordon’s State and *945 Federal right to act as his own attorney and to present his case in his own way would be violated. For these reasons, the defendant’s motion to proceed pro se was granted.
However, inasmuch as this was a protracted and complicated case involving life or death issues, this court, in exercising its judicial discretion, authorized that counsel representing the defendant at the time of his application to proceed pro se remain on the case in the capacity of “advisory counsel” (Faretta v California, supra, at 835, n 46; Mayberry v Pennsylvania, 400 US 455 [1971]). In so doing, this court’s purpose was threefold: (1) in the event that the defendant wished to avail himself of the advice of counsel, they would be at hand; (2) in the event that the defendant chose to withdraw his right to self-representation, counsel could proceed, and (3) in the event that the defendant engaged in conduct disruptive to the orderly process of trial, thereby forfeiting his pro se right, counsel could continue without delay.

. Despite the repeated requests of this court, the CDO refused to take any position whatsoever on the defendant’s application.

. See, transcript minutes, Sept. 14, 1998, at 61.

. While the 1777 and 1821 New York Constitutions merely provided that the accused “shall be allowed counsel” (NY Const art XXXIV [1777]; NY Const, art VII, § 7 [1821]), the explicit right to “appear and defend in person” was added in 1846 (NY Const, art I, § 6), and has been so retained in the New York Constitution.

. The provision in section 6 of article I of the NY Constitution that a “party accused shall be allowed to appear and defend in person and with counsel” does not compel a contrary conclusion. The language is designed to guarantee that a defendant who chooses to defend through counsel does not thereby lose the right to appear personally in the courtroom (People v Mirenda, 57 NY2d 261, 265, n).

. In People v Bloom (48 Cal 3d 1194, 774 P2d 698, supra) the issue presented was whether or not the trial court in a capital case abused its discretion when it granted a competent defendant’s midtrial motion for self-representation, when the motion was made for the announced purpose of seeking the death penalty. The California Supreme Court found that the trial court did not abuse its discretion, notwithstanding it empowered the defendant’s “death wish” (48 Cal 3d, at 1244, n 2, 774 P2d, at 729, n 2 [dissenting opn]).