People v Rogers (2020 NY Slip Op 04658)





People v Rogers


2020 NY Slip Op 04658


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


346 KA 15-01687

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FUZELL ROGERS, III, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered July 22, 2015. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and criminally using drug paraphernalia in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in granting his request to proceed pro se for a portion of the pretrial proceedings. We affirm.
"It is well-settled that an application to proceed pro se must be denied unless [the] defendant effectuates a knowing, voluntary and intelligent waiver of the right to counsel . . . To this end, trial courts must conduct a searching inquiry to clarify that [the] defendant understands the ramifications of such a decision" (People v Stone, 22 NY3d 520, 525 [2014] [internal quotation marks omitted and emphasis added]). The purpose of the requisite "searching inquiry" is to "warn [the] defendant of the risks inherent in representing himself [or herself]" and to "apprise him [or her] of the value of counsel" (People v Crampe, 17 NY3d 469, 481 [2011], cert denied 565 US 1261 [2012] [internal quotation marks omitted]; see People v Kaltenbach, 60 NY2d 797, 799 [1983]). As the United States Supreme Court has explained, such an inquiry operates to ensure that the defendant is "made aware of the dangers and disadvantages of self-representation, so that the record will establish that he [or she] knows what he [or she] is doing and his [or her] choice is made with eyes open" (Faretta v California, 422 US 806, 835 [1975] [internal quotation marks omitted and emphasis added]; see also People v Arroyo, 98 NY2d 101, 104 [2002]; People v Slaughter, 78 NY2d 485, 492 [1991]).
The Court of Appeals has consistently " eschewed application of any rigid formula and endorsed the use of a nonformalistic, flexible inquiry' " to ensure the voluntariness of a defendant's decision to forgo counsel (People v Providence, 2 NY3d 579, 583 [2004], quoting Arroyo, 98 NY2d at 104; see People v Smith, 92 NY2d 516, 520-521 [1998]). Thus, although the "better practice" is for the trial judge to interrogate the defendant about various topics relevant to self-representation in a criminal case—such as the defendant's age, education, occupation, and prior experience with the criminal justice system—the Court of Appeals in Providence nevertheless reiterated that "a waiver of the right to counsel will not be deemed ineffective simply because a trial judge does not ask questions designed to elicit each of the [various] specific items of information" (2 NY3d at 583 [emphasis added]). Only when the "whole record" shows that the trial court failed to adequately discharge its obligation to warn the defendant of the risks inherent in self-representation and to apprise him or her of the value of counsel in a criminal proceeding will the resulting waiver be invalidated (id.). Conversely, when [*2]the "whole record" memorializes the court's compliance with its core advisory function (id.), then the defendant's choice to waive counsel must be respected—even if that decision is "rash[ ]" (People v Vivenzio, 62 NY2d 775, 776 [1984]), " foolish[ ]' " (People v Henriquez, 3 NY3d 210, 213 [2004]), or potentially lethal (see People v Gordon, 179 Misc 2d 940, 941-945 [Sup Ct, Queens County 1999]).
Ultimately, as the above discussion demonstrates, the State and Federal Constitutions do not protect a criminal defendant from making a bad decision to proceed pro se; it only protects him or her from making an uninformed decision to proceed pro se. Indeed, as the Court of Appeals emphasized in Vivenzio, a "criminal defendant is entitled to be master of his [or her] own fate and respect for individual autonomy requires that he [or she] be allowed to go to jail under his [or her] own banner if he [or she] so desires and if he [or she] makes the choice with eyes open" (62 NY2d at 776 [internal quotation marks omitted]).
In light of the foregoing, we reject defendant's assertion that his waiver of the right to counsel is automatically invalid given the court's failure to specifically discuss, during the Faretta colloquy, the potential maximum sentences and the "nature" of the crimes charged. As noted above, the Court of Appeals in Providence explicitly held that the trial judge's failure to mention any specific piece of information was not dispositive of the sufficiency of the requisite searching inquiry, and that a trial court's failure to perfectly align its colloquy with best practices would not invalidate the subsequent waiver so long as the court adequately discharged its core obligation to warn and apprise the defendant of the dangers and pitfalls of self-representation. We respectfully decline to follow the First Department's contrary holding in People v Rodriguez (158 AD3d 143, 152-153 [1st Dept 2018], lv denied 31 NY3d 1017 [2018]).
Defendant further contends that, by insisting upon his own superior ability to defend his case, he failed to "[a]ccept" or "[u]nderstand" the risks of self-representation that the court articulated during the Faretta colloquy. Notably, defendant does not argue that the court failed to adequately apprise him of the risks of proceeding pro se; rather, defendant argues that his refusal to heed those warnings—i.e., his refusal to abandon his request to proceed without counsel—demonstrates that he did not "[u]nderstand [o]r [a]ccept" the risks of that course.
We reject defendant's contention. As explained above, the trial court's duty is to apprise the defendant of the risks and drawbacks of self-representation. The trial court's duty is not, as defendant argues here, to ensure that the defendant accepts the weight afforded those risks by the trial court, or by the legal establishment in general. Every criminal defendant is constitutionally entitled to proceed pro se notwithstanding the well-recognized risks of that course, and creating a judicial duty to ensure the defendant's "acceptance" of the risks of self-representation would effectively obligate every trial judge to compel the defendant to proceed with counsel whenever he or she expresses any interest in proceeding pro se, and that would violate the defendant's right to self-representation and require reversal in itself (see People v Daly, 98 AD2d 803, 807 [2d Dept 1983], affd 64 NY2d 970 [1985]).
So long as the trial court fulfills its duty to ensure that the defendant is "made aware" of the risks of self-representation (Faretta, 422 US at 835)—and there is no dispute that the court did so here—then the constitutionally protected "respect for individual autonomy requires that [the defendant] be allowed to go to jail under his [or her] own banner," even when he or she is "harming himself [or herself] by insisting on conducting his [or her] own defense" (People v McIntyre, 36 NY2d 10, 14 [1974] [internal quotation marks omitted]). Defendant, in short, cannot fault the court for refusing to violate his right to self-representation in the name of honoring his right to counsel.
Finally, defendant's contention that he was denied a fair trial by prosecutorial misconduct on summation is unpreserved for appellate review, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see People v Lathrop, 171 AD3d 1473, 1475 [4th Dept 2019], lv denied 33 NY3d 1106 [2019]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court