People v Neil (2020 NY Slip Op 06922)





People v Neil


2020 NY Slip Op 06922


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1081 KA 17-01969

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
QUASHAR NEIL, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (WILLIAM G. PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (James W. McCarthy, J.), rendered April 26, 2017. The judgment convicted defendant upon a jury verdict of attempted murder in the first degree, attempted assault in the first degree, criminal possession of a weapon in the second degree (three counts), criminal use of a firearm in the second degree, unlawful fleeing a police officer in a motor vehicle in the third degree, reckless driving, and tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]; [b]). Defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to clear up the misimpression, which defense counsel created, that defendant was involved in a similar crime one month prior to the subject crime. Defendant also contends that he was denied effective assistance of counsel based on defense counsel's cross-examination of the expert fingerprint examiners about whether their work was verified. We reject those contentions because defendant failed to meet his burden of showing "the absence of strategic or other legitimate explanations for counsel's challenged actions" (People v Lopez-Mendoza, 33 NY3d 565, 572 [2019] [internal quotation marks omitted]; see People v Ambers, 26 NY3d 313, 320 [2015]; People v Norman, 183 AD3d 1240, 1242 [4th Dept 2020], lv denied 35 NY3d 1047 [2020]).
Defendant's contention that he was denied a fair trial by prosecutorial misconduct on summation is unpreserved for appellate review, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see People v Rogers, 186 AD3d 1046, 1049 [4th Dept 2020]). Furthermore, even assuming, arguendo, that an objection by defense counsel to the conduct in question would have had a chance of success (see generally People v Caban, 5 NY3d 143, 152 [2005]), we conclude that the failure of defense counsel to object to the prosecutor's isolated comment, which "was not so egregious or improper as to deny defendant a fair trial . . . , did not render defense counsel ineffective" (People v Kilbury, 83 AD3d 1579, 1580 [4th Dept 2011], lv denied 17 NY3d 860 [2011] [internal quotation marks omitted]). Upon our review of the record, we conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defendant's] attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
We reject defendant's contention that he was deprived of a fair trial based on the cumulative effect of the alleged errors. Finally, the sentence is not unduly harsh or severe.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court