People v Maddison (2021 NY Slip Op 00765)





People v Maddison


2021 NY Slip Op 00765


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1215 KA 19-01089

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDREW MADDISON, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered May 21, 2018. The judgment convicted defendant upon a plea of guilty of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that his purported waiver of the right to appeal is invalid. We agree (see People v Jones, 188 AD3d 1682, 1682 [4th Dept 2020]; People v Brown, 180 AD3d 1341, 1341 [4th Dept 2020], lv denied 35 NY3d 968 [2020]). By failing to move to withdraw his guilty plea or to vacate the judgment of conviction, defendant failed to preserve for our review his further contention that the plea was not knowingly, intelligently, and voluntarily entered (see People v McCullen, 162 AD3d 1661, 1661 [4th Dept 2018]), and this case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). Indeed, nothing in the plea colloquy called into question the voluntariness of the plea or cast "significant doubt" on defendant's guilt, and County Court therefore had no duty to conduct further inquiry with respect to the plea (id.). In any event, we conclude that defendant knowingly, intelligently, and voluntarily entered his guilty plea (see People v Rathburn, 178 AD3d 1421, 1421-1422 [4th Dept 2019], lv denied 35 NY3d 944 [2020]). Finally, the sentence is not unduly harsh or severe.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court