People v Goins (2021 NY Slip Op 00769)





People v Goins


2021 NY Slip Op 00769


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


1243 KA 18-02395

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAWREN GOINS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered January 9, 2018. The judgment convicted defendant upon a plea of guilty of manslaughter in the first degree and attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]), arising from a shooting in which one victim was killed and another was wounded. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of his challenges to Supreme Court's refusal to suppress identification testimony and the severity of his sentence (see People v Herman, 151 AD3d 1866, 1867 [4th Dept 2017], lv denied 29 NY3d 1127 [2017]; People v Hankerson, 61 AD3d 1424, 1425 [4th Dept 2009], lv denied 13 NY3d 744 [2009]), we nevertheless conclude that those challenges lack merit.
We reject defendant's contention that the court erred in refusing to suppress identification testimony based on allegedly suggestive photo array identification procedures conducted by the police. Initially, defendant "failed to preserve for our review his contention that the photo array was unduly suggestive because he was the only subject therein [whose] eyes" were looking slightly to the right (People v Bell, 19 AD3d 1074, 1075 [4th Dept 2005], lv denied 5 NY3d 803 [2005], reconsideration denied 5 NY3d 850 [2005]). In any event, that contention is without merit. The photos in the array depict six males of similar age, skin tone, hairstyle, and physical features. "Although defendant is the only person in the array looking [slightly] to his [right], the viewer's attention is not drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection" (People v Rogers, 245 AD2d 1041, 1041 [4th Dept 1997]; see People v Lee, 96 NY2d 157, 163 [2001]). "Nor was there any evidence at the Wade hearing indicating that the identification procedures [otherwise] employed by the police were unduly suggestive" (People v Linder, 114 AD3d 1200, 1201 [4th Dept 2014], lv denied 23 NY3d 1022 [2014]; see People v Hoffman, 162 AD3d 1753, 1755 [4th Dept 2018], lv denied 32 NY3d 1065 [2018]). The court was entitled to credit the testimony of the detective at the hearing that the witness was not urged or influenced in any way to make a particular selection from the photo array (see People v Rios, 72 AD3d 1489, 1490 [4th Dept 2010], lv denied 15 NY3d 777 [2010], reconsideration denied 16 NY3d 799 [2011]). " 'The evaluation of credibility by the hearing court is entitled to great weight and its determination will be not disturbed where, as here, it is supported by the record' " (People v Johnson, 262 AD2d 1004, 1005 [4th Dept 1999], lv denied 93 NY2d 1020 [1999]). We thus conclude that the court properly determined that the People met their initial burden of establishing that the police conduct with respect to the photo array procedure was reasonable and that defendant failed to meet his ultimate burden of proving that the procedure was unduly suggestive (see People v Logan, 178 AD3d 1386, 1387 [4th Dept [*2]2019], lv denied 35 NY3d 1028 [2020]; see generally People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]).
Contrary to defendant's further contention, we conclude that the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). Finally, to the extent that defendant has raised an alleged Brady violation, that allegation concerns matters outside the record on appeal and thus may properly be raised by way of a motion pursuant to CPL article 440 (see People v Johnson, 88 AD3d 1293, 1294 [4th Dept 2011]; People v Ellis, 73 AD3d 1433, 1434 [4th Dept 2010], lv denied 15 NY3d 851 [2010]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court