People v Lopez (2021 NY Slip Op 04449)





People v Lopez


2021 NY Slip Op 04449


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


457 KA 19-00481

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH LOPEZ, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered August 14, 2018. The judgment convicted defendant, upon a plea of guilty, of attempted course of sexual conduct against a child in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of attempted course of sexual conduct against a child in the first degree (Penal Law §§ 110.00, 130.75 [1] [a]). We affirm.
Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see generally People v Goins, 191 AD3d 1399, 1399 [4th Dept 2021], lv denied 36 NY3d 1120 [2021]), we reject defendant's contention that Supreme Court erred in refusing to suppress certain statements that defendant made to the police (see People v Crane, 87 AD3d 1386, 1387 [4th Dept 2011], lv denied 17 NY3d 952 [2011]).
We also reject defendant's contention that the court abused its discretion in refusing to grant him youthful offender status (see People v Simpson, 182 AD3d 1046, 1047 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]). Additionally, having reviewed the applicable factors pertinent to a youthful offender adjudication (see People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]), we decline to exercise our interest of justice jurisdiction to grant him such status (see Simpson, 182 AD3d at 1047). Finally, the sentence is not unduly harsh or severe.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court