People v Pinet (2022 NY Slip Op 00610)





People v Pinet


2022 NY Slip Op 00610


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


1163 KA 20-00313

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALBERTO PINET, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered November 1, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). As defendant contends and the People correctly concede, defendant's waiver of the right to appeal is invalid (see People v Hussein, 192 AD3d 1705, 1706 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; People v Maddison, 191 AD3d 1393, 1393 [4th Dept 2021], lv denied 36 NY3d 1121 [2021]; see also People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant contends that the photo array identification procedure was unduly suggestive because he was the only person depicted "leaning back and staring in an intimidating manner." Defendant failed to preserve that contention for our review because he did not raise that specific ground at the suppression hearing (see People v Goins, 191 AD3d 1399, 1399 [4th Dept 2021], lv denied 36 NY3d 1120 [2021]; People v Lundy, 178 AD3d 1389, 1390 [4th Dept 2019], lv denied 35 NY3d 994 [2020]). In any event, defendant's contention is without merit. The photo array depicts "six males of similar age, skin tone, hairstyle, and physical features" (Goins, 191 AD3d at 1399; see People v Hoffman, 162 AD3d 1753, 1755 [4th Dept 2018], lv denied 32 NY3d 1065 [2018]). We conclude that " 'the subjects depicted in the photo array are sufficiently similar in appearance so that the viewer's attention is not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection' " (People v Plumley, 111 AD3d 1418, 1420 [4th Dept 2013], lv denied 22 NY3d 1140 [2014]; see People v Johnson, 194 AD3d 1410, 1411 [4th Dept 2021], lv denied 37 NY3d 972 [2021]; Goins, 191 AD3d at 1399-1400).
Defendant contends that resentencing is required because County Court failed to conduct a sufficient inquiry into his request to represent himself. "[A]n application to proceed pro se must be denied unless defendant effectuates a knowing, voluntary and intelligent waiver of the right to counsel . . . To this end, trial courts must conduct a 'searching inquiry' to clarify that defendant understands the ramifications of such a decision" (People v Stone, 22 NY3d 520, 525 [2014]). We reject defendant's contention that the waiver of his right to counsel was invalid because the court failed to advise defendant during the colloquy regarding that waiver of the disadvantages of proceeding pro se at sentencing and of his sentencing exposure (see People v Rogers, 186 AD3d 1046, 1048 [4th Dept 2020], lv denied 36 NY3d 931 [2020]). The Court of Appeals has consistently
" 'eschewed application of any rigid formula and endorsed the use of a nonformalistic, flexible inquiry' " to ensure that a defendant's decision to forgo counsel is knowing, voluntary, and [*2]intelligent (People v Providence, 2 NY3d 579, 583 [2004], quoting People v Arroyo, 98 NY2d 101, 104 [2002]; see People v Smith, 92 NY2d 516, 520-521 [1998]). Here, upon our review of "the whole record, not simply . . . [the] waiver colloquy" (Providence, 2 NY3d at 581), we conclude that defendant made a knowing, voluntary, and intelligent waiver of his right to counsel (see generally People v Chandler, 109 AD3d 1202, 1203 [4th Dept 2013], lv denied 23 NY3d 1019 [2014]).
Defendant also contends that resentencing is required because the court failed to provide him with a copy of his presentence report. A defendant who is representing himself has the right to examine and copy the presentence report prior to sentencing (see CPL 390.50 [2] [a]; People v Diaz, 34 NY3d 1179, 1181 [2020]). Here, defendant failed to object to not having a copy of the presentence report at sentencing, and thus failed to preserve his contention for our review (see People v Whilby, 188 AD3d 425, 426 [1st Dept 2020], lv denied 36 NY3d 1060 [2021]). In any event, it is well established that "the mere absence of any reference to the presentence report at sentencing is 'insufficient to rebut the presumption of regularity accorded to judicial proceedings' " (id.). It is presumed that defendant had a copy of the presentence report, and thus there is no basis to remit for resentencing.
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court