People v Nelson (2022 NY Slip Op 03826)

People v Nelson

2022 NY Slip Op 03826

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

329 KA 19-02028

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DWAYNE NELSON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered February 15, 2019. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (§ 220.16 [12]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). The two pleas were entered in a single plea proceeding.
Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Lopez, 196 AD3d 1157, 1157 [4th Dept 2021], lv denied 37 NY3d 1028 [2021]), we reject defendant's contention in appeal No. 2 that Supreme Court abused its discretion by directing that the sentence imposed in that appeal run consecutively to the sentence imposed in appeal No. 1 (see People v Washington, 124 AD3d 1388, 1388 [4th Dept 2015], lv denied 25 NY3d 954 [2015]; see also People v Graham, 171 AD3d 1559, 1561 [4th Dept 2019], lv denied 33 NY3d 1069 [2019]).
Defendant further contends in both appeals that he was denied effective assistance of counsel. To the extent that defendant contends that his attorney was ineffective for failing to address off-the-record discussions regarding defense strategy or the content of off-the-record plea negotiations, those issues are based upon matters outside the record and must be raised by way of a motion pursuant to CPL article 440 (see People v Tyes, 160 AD3d 1447, 1448 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]). To the extent that defendant's contention is reviewable on direct appeal, we conclude that it lacks merit inasmuch as he "received . . . advantageous plea[s], and 'nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1150 [2016], quoting People v Ford, 86 NY2d 397, 404 [1995]).
Finally, contrary to defendant's contention in both appeals, we conclude that the sentences are not unduly harsh or severe, and we decline to exercise our power to reduce them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court