People v Cepeda (2023 NY Slip Op 04854)

People v Cepeda

2023 NY Slip Op 04854

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

619 KA 21-01539

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAMAR CEPEDA, DEFENDANT-APPELLANT. 

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered October 1, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We affirm. Preliminarily, we agree with defendant that his waiver of the right to appeal is invalid (see People v Pinet, 201 AD3d 1370, 1370 [4th Dept 2022], lv denied 38 NY3d 953 [2022]; People v Hussein, 192 AD3d 1705, 1706 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see generally People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
We conclude that County Court did not abuse its discretion in declining to adjudicate defendant a youthful offender (see People v Simpson, 182 AD3d 1046, 1047 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]; see generally People v Minemier, 29 NY3d 414, 421 [2017]). In addition, having reviewed the applicable factors pertinent to a youthful offender determination (see People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]), we decline to exercise our interest of justice jurisdiction to grant him such status (see Simpson, 182 AD3d at 1047; People v Shrubsall, 167 AD2d 929, 930 [4th Dept 1990]; cf. Keith B.J., 158 AD3d at 1161). Finally, contrary to defendant's contention, we conclude that the sentence is not unduly harsh or severe.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court