People v Motell (2024 NY Slip Op 04007)

People v Motell

2024 NY Slip Op 04007

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

498 KA 23-02068

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN J. MOTELL, IV, DEFENDANT-APPELLANT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ANTHONY J. DIMARTINO, JR., DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Oswego County Court (Spencer J. Ludington, A.J.), rendered January 11, 2018. The judgment convicted defendant upon his plea of guilty of rape in the third degree (two counts) and sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of rape in the third degree (Penal Law § 130.25 [3]) and one count of sexual abuse in the first degree (§ 130.65 [1]). We agree with defendant that he did not validly waive his right to appeal. County Court's "oral waiver colloquy and the written waiver signed by defendant together 'mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to all postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Phillips, 221 AD3d 1501, 1501-1502 [4th Dept 2023], lv denied 41 NY3d 966 [2024]).
By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that the guilty plea was not knowingly, intelligently, and voluntarily entered because he was not advised of the sex offender registration fee (see People v Cornish, 214 AD3d 1456, 1456 [4th Dept 2023], lv denied 40 NY3d 933 [2023]; People v Gerald, 103 AD3d 1249, 1250 [4th Dept 2013]) or the possibility of civil confinement pursuant to the Sex Offender Management and Treatment Act (Mental Hygiene Law
§ 10.01 et seq. [SOMTA]) (see People v Rios, 224 AD3d 1284, 1285 [4th Dept 2024], lv denied 41 NY3d 985 [2024]). In any event, his contention is without merit. Contrary to defendant's contention, the sex offender registration fee was not a core component of the sentence (see People v Hoti, 12 NY3d 742, 743 [2009]; People v Martinezdiaz, 162 AD3d 904, 904 [2d Dept 2018], lv denied 32 NY3d 1005 [2018]; see generally People v Harnett, 16 NY3d 200, 205 [2011]) and, moreover, he was advised of the fee during the plea proceeding through statements made by the court and through the written sentence agreement (sentence agreement). Similarly, defendant was aware through the sentence agreement of the possibility of civil confinement pursuant to SOMTA.
Defendant also contends that the plea was not knowingly, intelligently, and voluntarily entered because the court ordered him to pay restitution that was not part of the plea agreement without affording him the opportunity to withdraw his plea. The People requested restitution stemming from the victim's visit to a hospital after one incident of rape. Defendant objected to restitution only on the ground that the hospital records did not support the claim that defendant's [*2]conduct was the cause of the victim's visit to the hospital. By failing to object to the sentence on the ground that restitution was not part of the plea agreement or to move to withdraw the plea, defendant failed to preserve his contention for our review (see People v Predmore, 68 AD3d 1755, 1756 [4th Dept 2009], lv denied 14 NY3d 804 [2010]; People v Lovett, 8 AD3d 1007, 1008 [4th Dept 2004], lv denied 3 NY3d 677 [2004]). We decline to exercise our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Contrary to defendant's further contention, the People met their burden of establishing the victim's out-of-pocket loss by a preponderance of the evidence (see CPL 400.30 [4]; People v Tzitzikalakis, 8 NY3d 217, 221 [2007]).
Defendant contends that he was denied effective assistance of counsel because defense counsel failed to make any arguments during the Huntley hearing. Even assuming, arguendo, that defendant's contention survives his guilty plea (see People v Clark, 191 AD3d 1485, 1486 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; People v Glowacki, 159 AD3d 1585, 1586 [4th Dept 2018], lv denied 31 NY3d 1117 [2018]), we reject that contention inasmuch as "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]). Defendant's further contention that he was denied effective assistance of counsel because counsel failed to advise him of the possibility of civil confinement under SOMTA is without merit inasmuch as the sentence agreement included that possibility. Defendant signed the sentence agreement and acknowledged during the plea colloquy that he reviewed it with his attorney.
Contrary to defendant's contention, the court did not abuse its discretion in refusing to grant defendant youthful offender status (see People v Hall, 221 AD3d 1600, 1600-1601 [4th Dept 2023], lv denied 40 NY3d 1092 [2024]; People v Cepeda, 219 AD3d 1672, 1672 [4th Dept 2023]). Additionally, having reviewed the applicable factors pertinent to a youthful offender determination (see People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]), we decline to exercise our interest of justice jurisdiction to grant him that status (see Cepeda, 219 AD3d at 1672; People v Shrubsall, 167 AD2d 929, 930 [4th Dept 1990]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court