■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS N. JAMES, Appellant. [772 NYS2d 151]—

Appeal from a resentence of the Wayne County Court (John B. Nesbitt, J.), rendered January 8, 2003. Defendant was resentenced as a second felony offender following his conviction, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the resentence so appealed from be and the same hereby is unanimously reversed on the law, and the matter is remitted to Wayne County Court for resentencing in accordance with the following memorandum: Defendant was convicted upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and was originally sentenced as a second felony offender following his conviction. On a prior appeal, we vacated the sentence and remitted the matter to Wayne County Court for the purpose of resentencing because it was unclear whether the Florida conviction for aggravated assault with a deadly weapon, which formed the basis for the finding that defendant is a second felony offender, was in fact a felony under New York law (*People v James,* 299 AD2d 932 [2002], *lv denied* 99 NY2d 583 [2003]). Upon resentencing, the court once again found that defendant is a second felony offender, and he now appeals. We agree with defendant that the sentencing court erred when, over his objec-

tion, it admitted the Florida accusatory instrument in evidence without the certification required by CPLR 4540 (c) (*see People v Acebedo*, 156 AD2d 369 [1989]). That defect requires reversal of the resentence and remittal of the matter to Wayne County Court to allow the People to overcome the technical defects of their proof (*see id.* at 369-370; *People v Hines*, 90 AD2d 621 [1982]). We reject defendant's further contention that the court erred in failing to order a new presentence report. Where, as here, defendant has been continually incarcerated between the time of the initial sentencing and resentencing, "to require an update . . . does not advance the purpose of CPL 390.20 (1) . . . [and thus] [t]here was no legal obligation" to order an updated report (*People v Kuey*, 83 NY2d 278, 282-283 [1994]). Present—Wisner, J.P., Kehoe, Gorski, Lawton and Hayes, JJ.