■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY E. BROOKS, Appellant. [829 NYS2d 322]—Appeal from a resentence of the Erie County Court (Sheila A. DiTullio, J.), rendered May 19, 2005. Defendant was resentenced following his conviction, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the resentence so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a resentence upon a judgment convicting him, following a jury trial, of assault in the second degree (Penal Law § 120.05 [2]). Contrary to the contention of defendant, County Court did not err in failing sua sponte to assign counsel to represent him in his motion pursuant to CPL 440.20 (1) to set aside the period of postrelease supervision on the ground that it was illegal (cf. *People v Jie Mei Chen*, 26 AD3d 344, 345 [2006]). The court granted defendant's motion, vacated the period of postrelease supervision, and thereafter assigned counsel to represent defendant at the resentencing. Also contrary to the contention of defendant, the court properly denied his motion for substitution of counsel inasmuch as he failed to show " 'good cause for a substitution,' such as a conflict of interest or other irreconcilable conflict with counsel" (*People v Sides*, 75 NY2d 822, 824 [1990]; *see People v Welch*, 2 AD3d 1354, 1355 [2003], *lv denied* 2 NY3d 747 [2004]). We reject the further contention of defendant that the court erred in denying his request for a continuance to enable him to produce documents that allegedly were relevant to his resentence. The sole issue before the court at the resentencing was the length of the period of postrelease supervision, to be determined in accordance with the statutory requirements, and the court properly concluded that additional documentation was unnecessary, particularly in view of defendant's continuous incarceration between the time of the initial sentencing and the resentencing (*see generally People v James*, 4 AD3d 774, 775 [2004]). Finally, we reject the contention of defendant that he did not receive effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Gorski, J.P., Fahey, Peradotto, Green and Pine, JJ.