■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE LARD, Also Known as LONNIE ANTHONY, Appellant. (Appeal No. 1.) [896 NYS2d 276]—

Appeal from a resentence of the Erie County Court (Sheila A. DiTullio, J.), rendered February 11, 2009. Defendant was resentenced pursuant to Correction Law § 601-d and Penal Law § 70.85.

It is hereby ordered that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). On a prior appeal, we affirmed the resentence upon that conviction (*People v Lard*, 23 AD3d 1033 [2005], *lv denied* 6 NY3d 752 [2005], 6 NY3d 815 [2006]), and defendant now appeals from a resentence pursuant to Correction Law § 601-d and Penal Law § 70.85 to the same

sentence. Defendant failed to preserve for our review his contention that County Court erred in failing to order an updated presentence report inasmuch as he never requested such an update, objected to the presentence report at the resentencing, or moved to vacate the resentencing on that ground (*see People v Ruff*, 50 AD3d 1167, 1168 [2008]; *People v Walts*, 34 AD3d 1043, 1044 [2006], *lv denied* 8 NY3d 850 [2007]). In any event, defendant's contention is without merit. "[T]he decision whether to obtain an updated [presentence] report at resentencing is a matter resting in the sound discretion of the sentencing [court]" (*People v Kuey*, 83 NY2d 278, 282 [1994]). "Where, as here, [the] defendant has been continually incarcerated between the time of the initial sentencing and resentencing, 'to require an update . . . does not advance the purpose of CPL 390.20 (1)' " (*People v James*, 4 AD3d 774, 775 [2004], quoting *Kuey*, 83 NY2d at 282). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.