■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JAMES BROWN, Also Known as BOOGER, Appellant. [905 NYS2d 673]—

Malone Jr., J. Appeal, by permission, from an order of the County Court of Albany County (Breslin, J.), entered November 17, 2008, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

In 1993, following a jury trial, defendant was convicted of rape in the first degree, two counts of sodomy in the first degree and one count of robbery in the first degree. This Court affirmed the conviction upon appeal (*People v Brown*, 232 AD2d 750 [1996], *lv denied* 89 NY2d 940 [1997]). Subsequently, defendant moved pursuant to CPL 440.20 to set aside his sentence, arguing that the sentencing court failed to follow the required procedure to determine that he was a second violent felony offender prior to sentencing. County Court denied the motion without a hearing, prompting this appeal.

Assuming without deciding that County Court erred in denying defendant's motion on the ground that the sentencing issue could have been raised upon direct appeal, we nevertheless affirm. Prior to sentencing, County Court (Keegan, J.) conducted a hearing to determine whether defendant was a persistent felony offender, during which defendant admitted that he had been convicted of assault in the second degree in 1989 (*see* CPL 400.20 [2]). Following that hearing, County Court determined that defendant was not a persistent felony offender but did find him to be a second violent felony offender based upon the assault conviction (*see* Penal Law § 70.02 [1] [c]; § 70.04). While the People did not file a predicate violent felony statement (*see* CPL 400.15 [2]), defendant was aware that County Court intended to sentence him as a second violent felony offender, did not object to the absence of the statement or otherwise seek to contest the prior assault conviction and, indeed, withdrew a motion challenging the propriety of the sentence imposed upon it. Under those circumstances, any technical failure to comply with the procedure set out in CPL 400.15 "was harmless, and remanding for filing and resentencing would be futile and pointless" (*People v Bouyea*, 64 NY2d 1140, 1142 [1985]; *see People v Harris*, 61 NY2d 9, 20 [1983]; *People v Gonzalez*, 61 AD3d 1428, 1428-1429 [2009], *lv denied* 12 NY3d 925 [2009]; *People v Brown*, 252 AD2d 835, 837 [1998], *lv denied* 92 NY2d 923 [1998]). Defendant's suggestion that principles of double jeopardy prevent him from being sentenced as a second violent felony offender absent the filing of such a statement is meritless (*see People v Hunt*, 162 AD2d 782, 783-784 [1990], *affd* 78 NY2d 932 [1991], *cert denied* 502 US 964 [1991]). As the record does not show that defendant's sentence was illegally imposed, his CPL 440.20

motion was properly denied without a hearing (*see* CPL 440.20 [1]; 440.30 [4] [a]; *People v Gonzalez*, 61 AD3d at 1428-1429).

Cardona, P.J., Mercure, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed.