# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1398**
**KA 10-01756**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

THOMAS C. RICKS, DEFENDANT-APPELLANT.

---

KEVIN J. BAUER, ALBANY, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered August 2, 2010. Defendant was resentenced upon his conviction of sodomy in the first degree (five counts) and endangering the welfare of a child.

It is hereby ORDERED that the resentence so appealed from is unanimously reversed on the law, and the matter is remitted to Supreme Court, Erie County, for resentencing in accordance with the following Memorandum: Defendant appeals from a resentence pursuant to which Supreme Court sentenced him as a second felony offender. On a prior appeal, we modified the judgment convicting defendant upon his plea of guilty of, inter alia, five counts of sodomy in the first degree (Penal Law former § 130.50 [4]) by vacating the sentence and remitted the matter to Supreme Court for resentencing to allow the People to overcome the technical defects in their proof of defendant's status as a second felony offender inasmuch as the original proof failed to comply with CPLR 4540 (c) (*People v Ricks*, 71 AD3d 1444). Pursuant to that statute, "[w]here the copy [of an official publication] is attested by an officer of another jurisdiction, it shall be accompanied by a certificate that such officer has legal custody of the record, and that his [or her] signature is believed to be genuine, which certificate shall be made by a judge of a court of record of the district or political subdivision in which the record is kept, with the seal of the court affixed; or by any public officer having a seal of office and having official duties in that district or political subdivision with respect to the subject matter of the record, with the seal of his [or her] office affixed" (CPLR 4540 [c]).

Following remittal, the court conducted another second felony offender hearing, where the People submitted a fingerprint record from Colorado that was properly authenticated by the agent in charge of the identification unit for the Colorado Bureau of Investigation in conformance with the first requirement of CPLR 4540 (c). The document

that purports to certify that the agent in charge had legal custody of the fingerprint record, however, is also signed by that agent in charge, and thus it does not comply with the statute's requirement that the out-of-state document be authenticated by the certificate of a second, separate authority (*see generally* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4540:4).  We reject the People's contention that strict compliance with CPLR 4540 (c) is not necessary (*see People v Redmond*, 41 AD3d 514, 515, *lv denied* 16 NY3d 745; *People v James*, 4 AD3d 774).  We therefore reverse the resentence, and we remit the matter to Supreme Court for resentencing "to allow the People to overcome the technical defects of their proof" (*James*, 4 AD3d at 775; *see People v Hines*, 90 AD2d 621).

Entered:  December 23, 2011                      Frances E. Cafarell
                                                 Clerk of the Court