# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**342**

**KA 11-02020**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MATTHEW M. COBADO, DEFENDANT-APPELLANT.

---

CARR SAGLIMBEN LLP, OLEAN (JAY D. CARR OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (ELIZABETH ENSELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Cattaraugus County Court (Larry M. Himelein, J.), rendered August 8, 2011. Defendant was resentenced upon his conviction of rape in the first degree (four counts) and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a resentence pursuant to which County Court added various terms of postrelease supervision (PRS) to the sentence previously imposed in 2003 on his conviction, following a jury trial, of four counts of rape in the first degree (Penal Law § 130.35 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]). Defendant failed to preserve for our review his contention that the court erred in resentencing him without ordering an updated presentence report in accordance with CPL 390.20 (*see People v Lard*, 71 AD3d 1464, 1465, *lv denied* 14 NY3d 889). In any event, that contention lacks merit. "Where, as here, [the] defendant has been continually incarcerated between the time of the initial sentencing and resentencing, to require an update . . . does not advance the purpose of CPL 390.20 (1)" (*id*. [internal quotation marks omitted]; *see People v Kuey*, 83 NY2d 278, 282-283; *People v James*, 4 AD3d 774, 775).

We reject defendant's further contention that he was deprived of effective assistance of counsel at resentencing (*see generally People v Baldi*, 53 NY2d 137, 147). Although defense counsel did not say anything on the record on defendant's behalf, the court ultimately imposed the minimum authorized term of PRS for the rape convictions (*see* Penal Law § 70.45 [2-a] [c]), and an equal term of PRS for the

weapons offense.

Entered:  March 22, 2013                   Frances E. Cafarell
                                          Clerk of the Court