# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

847

KA 10-02245

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVON GRIFFIN, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------

Appeal from a resentence of the Onondaga County Court (William D. Walsh, J.), rendered June 10, 2010. Defendant was resentenced upon his conviction of manslaughter in the first degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted upon a plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). On a prior appeal, we affirmed the judgment of conviction (*People v Griffin*, 24 AD3d 1316, *lv denied* 6 NY3d 813), but we subsequently granted defendant's motion for a writ of error coram nobis (*People v Griffin*, 59 AD3d 1106). Upon reviewing the appeal de novo, we agreed with defendant that County Court erred in sentencing him as a first felony offender after "it became apparent at sentencing that defendant had a prior felony conviction" (*People v Griffin*, 72 AD3d 1496, 1497). Inasmuch as " '[i]t is illegal to sentence a known predicate felon as a first offender,' " we modified the judgment by vacating the sentence, and we remitted the matter for resentencing pursuant to CPL 400.21 (*id.*). On remittal, the court sentenced defendant as a second felony offender to a determinate term of incarceration of 10 years, with a period of postrelease supervision of five years.

As defendant correctly concedes, his contention that County Court erred in failing to order an updated presentence report is unpreserved for our review "inasmuch as he never requested such an update, objected to the presentence report at the resentencing, or moved to vacate the resentencing on that ground" (*People v Lard*, 71 AD3d 1464, 1465, *lv denied* 14 NY3d 889; *see People v Campbell*, 111 AD3d 1253, 1253, *lv denied* ___ NY3d ___ [June 9, 2014]; *People v Stachnik*, 101 AD3d 1590, 1591-1592, *lv denied* 20 NY3d 1104). In any event, "the decision whether to obtain an updated [presentence] report at resentencing is a matter resting in the sound discretion of the

sentencing [court]" (*People v Kuey*, 83 NY2d 278, 282).  "Where, as here, [the] defendant has been continually incarcerated between the time of the initial sentencing and resentencing, to require an update . . . does not advance the purpose of CPL 390.20 (1)" (*Lard*, 71 AD3d at 1465 [internal quotation marks omitted]; *see Campbell*, 111 AD3d at 1253-1254).

Finally, we reject defendant's contention that he was denied effective assistance of counsel at the resentencing, inasmuch as defense counsel was able to secure an advantageous resentence for defendant (*see People v Cobado*, 104 AD3d 1322, 1323; *see generally People v Baldi*, 54 NY2d 137, 147).  Although the period of postrelease supervision was increased from 2½ years to 5 years, the period of incarceration was reduced from 15 years to 10 years.

Entered:  September 26, 2014                    Frances E. Cafarell
                                                Clerk of the Court