People v Grimes (2020 NY Slip Op 01818)





People v Grimes


2020 NY Slip Op 01818


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


1222 KA 18-00535

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAKIM GRIMES, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 19, 2017. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), defendant contends that Supreme Court erred in refusing to suppress physical evidence seized from his person as well as statements made to the arresting officer. Contrary to the People's contention, the specific contentions raised by defendant concerning the suppression ruling are preserved for our review inasmuch as they were raised either in the motion papers or "by specifically placing [the contentions] for disposition before the suppression court" (People v Vasquez, 66 NY2d 968, 970 [1985], cert denied 475 US 1109 [1986]; cf. People v Claudio, 64 NY2d 858, 858-859 [1985]). In any event, the issues raised on appeal were "brought to the attention of the [suppression] court at a time and in a way that gave the latter the opportunity to remedy the problem and thereby avert reversible error" (People v Luperon, 85 NY2d 71, 78 [1995]). Furthermore, we agree with defendant that the court erred in issuing its suppression ruling without resolving, in the first instance, whether the pat frisk of defendant was lawful.
On the day of defendant's arrest, a police officer observed defendant's vehicle stop at a suspected drug house. An occupant of the vehicle entered the house only to exit moments later and reenter the vehicle, which was then driven away. Based on those observations, the observing officer suspected that a drug transaction had just taken place. The officer therefore instructed a fellow officer (arresting officer) to follow the vehicle to "try to get a reason to stop it."
The arresting officer, while following defendant's vehicle, observed the driver commit two traffic infractions. The arresting officer thus engaged his emergency lights and stopped the vehicle. Upon approaching the vehicle on foot, the arresting officer "noticed in the driver['s] side mirror that the driver was aggressively moving around in the seat." It appeared to the arresting officer that the driver "was reaching behind him," causing the arresting officer to fear that the driver, later identified as defendant, was reaching for a weapon. Although defendant admitted to the arresting officer that he did not possess a valid license, he produced a nondriver identification card. After ordering defendant to exit the vehicle, the arresting officer conducted a pat frisk during which he felt a hard object in defendant's pants that the arresting officer believed to be narcotics. The arresting officer placed handcuffs on defendant and advised him of his Miranda rights. After defendant waived such rights, the arresting officer asked him in sum and substance what was in his pants. In response, defendant said that he had seven grams of crack cocaine. Defendant was then arrested and transported to the police station, where, at the arresting officer's request, defendant removed the cocaine from his underwear.
Following a hearing, the court denied that part of defendant's omnibus motion seeking to suppress the cocaine and his statements to the arresting officer. Although defendant contended that the pat frisk was unlawful, the court declined to resolve that issue, reasoning that the arresting officer had a founded suspicion of criminal activity before the frisk was conducted, thus authorizing the arresting officer to ask defendant whether he had anything on him. We conclude that the court erred in failing to determine whether the frisk was lawful and, if not, whether an exception to the exclusionary rule applied.
It is well settled that courts, in evaluating police conduct, are required to determine if the action was justified at each and every stage of the encounter (see People v Brown, 148 AD3d 1562, 1563 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]). Here, if the pat frisk was unlawful, then defendant's subsequent statements and the evidence seized as a result of those statements would have to be suppressed as fruit of the poisonous tree unless an exception to the exclusionary rule applies (see e.g. People v Mobley, 120 AD3d 916, 919 [4th Dept 2014]; People v Randall, 85 AD2d 754, 754-755 [3d Dept 1981]; see generally People v Fitzpatrick, 32 NY2d 499, 505-506 [1973], cert denied 414 US 1033, 1050 [1973]). Inasmuch as this Court lacks the "power to review issues . . . not ruled upon[] by the trial court" (People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]; see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192, 195 [2011]), we hold the case, reserve decision, and remit the matter to Supreme Court for a determination whether the arresting officer possessed the requisite justification to conduct the frisk of defendant (see People v Green, 173 AD3d 1690, 1692 [4th Dept 2019]) and, if not, whether an exception to the exclusionary rule applies.
In light of our determination, we do not address defendant's remaining contention.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court