People v Kabia (2021 NY Slip Op 00209)





People v Kabia


2021 NY Slip Op 00209


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

110372

[*1]The People of the State of New York, Respondent,
v
Ahzallam Kabia, Appellant.

Calendar Date: December 17, 2020

Before: Lynch, J.P., Clark, Mulvey, Pritzker and Colangelo, JJ.


Danielle Neroni Reilly, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered February 15, 2018, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.
In April 2017, police officers with the City of Albany Police Department initiated a traffic stop of a vehicle in which defendant was a passenger. A sawed-off shotgun was ultimately discovered inside the vehicle, which led to the discovery of a shotgun shell on defendant's person. Defendant was consequently indicted on the charge of criminal possession of a weapon in the second degree. Defendant unsuccessfully moved to suppress the physical evidence found in the vehicle and on his person and, after a jury trial, was convicted as charged. County Court sentenced defendant to a prison term of 10 years, followed by five years of postrelease supervision. Defendant appeals.
Defendant argues that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence. However, defendant's legal sufficiency challenge is not preserved for our review, as his trial motion to dismiss did not include the arguments he now raises on appeal (see e.g. People v Delbrey, 179 AD3d 1292, 1292 [2019], lv denied 35 NY3d 969 [2020]; People v Van Alphen, 167 AD3d 1076, 1077 [2018], lv denied 32 NY3d 1210 [2019]). Nevertheless, as part of our weight of the evidence review, we necessarily determine whether the People proved each element of the crime charged beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Chaneyfield, 157 AD3d 996, 996 [2018], lv denied 31 NY3d 1012 [2018]). As relevant here, a person is guilty of criminal possession of a weapon in the second degree when he or she knowingly possesses a loaded and operable firearm outside of his or her home or place of business (see Penal Law § 265.03 [3]). The discovery of a firearm within a vehicle gives rise to a permissive presumption that the firearm was knowingly possessed by all persons in the vehicle at the time of its discovery (see Penal Law § 265.15 [3]; People v Smith, 177 AD3d 1190, 1190 [2019], lv denied 34 NY3d 1163 [2020]; People v Sostre, 172 AD3d 1623, 1625-1626 [2019], lv denied 34 NY3d 938 [2019]).
The trial evidence established that a vehicle in which defendant was a passenger was stopped by police for, among other things, bearing a license plate that did not match the vehicle. Testimony, as well as video footage of the traffic stop, revealed that defendant — who was seated in the rear passenger seat — bent over to the left after the police initiated the traffic stop. As established by the evidence, a sawed-off shotgun was ultimately discovered under the rear portion of the driver's seat and a shotgun shell was thereafter located on defendant's person, in the left pocket of his pants. The evidence demonstrated that the shotgun was loaded and operable and that the shell in the shotgun was of the same caliber and make as [*2]the shell found on defendant's person. Defendant argued at trial that he was intoxicated and unaware of the shotgun's presence in the vehicle and that the police planted the shotgun shell on his person. Given this defense, as well as the permissive nature of the automobile presumption, it would not have been unreasonable for the jury to have reached a different verdict. However, the jury rejected the defense and when we view the evidence in a neutral light and defer to the jury's credibility determinations, we find that the verdict is amply supported by the weight of the evidence (see People v Kalabakas, 183 AD3d 1133, 1141-1142 [2020], lv denied 35 NY3d 1067 [2020]; People v Smith, 177 AD3d at 1191).
Defendant also challenges the denial of his motion to suppress the physical evidence found in the vehicle and on his person. In denying the motion, County Court found that the shotgun shell was discovered on defendant's person during a limited protective pat-down search of defendant, which then provided law enforcement with probable cause to search the vehicle. However, this finding is not supported by the evidence presented at the suppression hearing, which demonstrated that the search of the vehicle actually preceded the search of defendant's person and discovery of the shotgun shell. Although the People raised other arguments that could potentially justify the search of the vehicle and defendant's person, this Court is statutorily restricted from considering issues not ruled upon by the trial court (see CPL 470.15 [1]; People v LaFontaine, 92 NY2d 470, 473-474 [1998]; People v Allen, 132 AD3d 1156, 1158 [2015], lv denied 26 NY3d 1107 [2016]). We are therefore constrained to reverse the denial of defendant's suppression motion. Accordingly, we will hold the appeal in abeyance and remit the matter to County Court to review the evidence presented at the suppression hearing, consider any alternate bases to suppress the physical evidence and render a new determination on defendant's motion (see People v Grimes, 181 AD3d 1251, 1253 [2020]; People v Chazbani, 144 AD3d 836, 838-840 [2016]; People v Rollins, 125 AD3d 1540, 1542 [2015]).
Lynch, J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.