People v Terborg (2021 NY Slip Op 03987)





People v Terborg


2021 NY Slip Op 03987


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND WINSLOW, JJ.


5 KA 12-01720

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY J. TERBORG, DEFENDANT-APPELLANT. 






THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered August 16, 2012. The judgment convicted defendant upon a jury verdict of unauthorized use of a vehicle in the second degree and two traffic infractions. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, unauthorized use of a vehicle in the second degree (Penal Law § 165.06), defendant contends, as he did in two prior appeals, that Supreme Court (Doyle, J.) erred in disqualifying the Public Defender's Office from representing him. We reject that contention, as we did in the prior appeals (People v Terborg, 162 AD3d 1468, 1468-1469 [4th Dept 2018], lv denied 32 NY3d 1008 [2018], lv dismissed 32 NY3d 1178 [2019]; People v Terborg, 156 AD3d 1320, 1320 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]). To the extent that defendant also challenges a subsequent ruling of the court (Renzi, J.) adhering to the initial disqualification ruling, we conclude, as we did in the more recent prior appeal (Terborg, 162 AD3d at 1468), that the subsequent ruling was not an abuse of discretion (see People v Beauchamp, 84 AD3d 507, 508 [1st Dept 2011], lv denied 17 NY3d 813 [2011]; see generally People v Evans, 94 NY2d 499, 506 [2000], rearg denied 96 NY2d 755 [2001]).
Defendant further contends that the court erred in conducting a second felony offender hearing without notice to him. Contrary to defendant's contention, the court conducted a hearing on notice to defendant, and he was given an opportunity to be heard. Even assuming, arguendo, that defendant correctly contends that he did not receive a copy of the second felony offender statement (see CPL 400.21 [2], [3], [6]), we conclude that the record establishes that he received notice of the second felony offender allegations more than two days before the hearing and that, under the circumstances of this case, any technical failure to comply with the procedure set out in CPL 400.21 "was harmless, and [remitting] for filing and resentencing would be futile and pointless" (People v Bouyea, 64 NY2d 1140, 1142 [1985]; see People v Harris, 61 NY2d 9, 20 [1983]; see also People v Brown, 74 AD3d 1637, 1638 [3d Dept 2010], lv denied 15 NY3d 850 [2010]).
Defendant also contends that the conviction is not supported by legally sufficient evidence because the People failed to prove that he knew he was operating the vehicle without permission. We reject that contention. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences from which a rational factfinder could have found that defendant knew that he was operating the vehicle without the permission of the owner (see People v Waterford, 124 AD3d 1246, 1246-1247 [4th Dept 2015], lv denied 26 NY3d 972 [2015]; People v Darrisaw, 70 AD3d 1387, 1387-1388 [4th Dept 2010], lv denied 14 NY3d 887 [2010]; see generally People v Danielson, 9 NY3d 342, 349 [2007]).
Finally, we reject defendant's contention that he was denied effective assistance of counsel due to defense counsel's failure to request that the court either not instruct the jury on the statutory presumption in Penal Law § 165.05 or instruct the jury that the presumption is permissive and not mandatory. It is well settled that the "failure to 'make a motion or argument that has little or no chance of success' " does not constitute a denial of effective assistance of counsel (People v Caban, 5 NY3d 143, 152 [2005]). Here, the court's instructions to the jury followed the statutory definition of the offense in question (see Penal Law § 165.06; see also § 165.05) and mirrored the pattern Criminal Jury Instructions (see CJI2d[NY] Penal Law § 165.06). The court also properly instructed the jury that the presumption is permissive and not mandatory (see People v Thompkins, 133 AD3d 899, 900 [3d Dept 2015]; see generally People v Bombard, 187 AD3d 1417, 1420 [3d Dept 2020]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court