People v Grimes (2021 NY Slip Op 04326)





People v Grimes


2021 NY Slip Op 04326


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


1210 KA 18-00535

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAKIM GRIMES, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 19, 2017. The appeal was held by this Court by order entered March 13, 2020, decision was reserved and the matter was remitted to Supreme Court, Onondaga County, for further proceedings (181 AD3d 1251 [4th Dept 2020]). The proceedings were held and completed (Gordon J. Cuffy, A.J.). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). We previously held this case, reserved decision, and remitted the matter to Supreme Court for a determination whether the arresting officer possessed the requisite justification to conduct the frisk of defendant after the lawful stop of the vehicle defendant was driving.
Upon remittal, a substitute Acting Justice replaced the prior Acting Justice, who had retired. The new Acting Justice did not hold a hearing; instead, he determined that his role was "to review the transcripts . . . and the findings of fact and make . . . a legal determination on the validity of . . . the frisk and whether there [were] any exclusionary rule exceptions that appl[ied]." We conclude that the substitute Acting Justice properly found the frisk to be lawful.
Contrary to defendant's contention, the substitute Acting Justice did not violate Judiciary Law § 21 in rendering his decision. That statute prohibits a trial level judge from deciding or taking part in decisions or questions, argued orally in court, when the judge "was not present and sitting therein as a judge." It does not, however, "bar a substitute judge from deciding a question of law presented in a motion argued orally before another judge so long as a transcript or recording of the prior argument is available for review, and 'the substitute indicates on the record the requisite familiarity with the proceedings and no undue prejudice occurs to the defendant or the People' " (People v Hampton, 21 NY3d 277, 279 [2013]). Here, the substitute Acting Justice followed the procedure outlined in Hampton and made a legal determination based on the facts presented to the original Acting Justice (see People v Massey, 173 AD3d 1801, 1804 [4th Dept 2019]; see generally Hampton, 21 NY3d at 285).
We further conclude that the court properly determined that the officer had "knowledge of some fact or circumstance that support[ed] a reasonable suspicion that [defendant was] armed or pose[d] a threat to safety" (People v Batista, 88 NY2d 650, 654 [1996]; see People v Daniels, 103 AD3d 1204, 1204 [4th Dept 2013], lv denied 22 NY3d 1137 [2014]; People v Goodson, 85 AD3d 1569, 1570 [4th Dept 2011], lv denied 17 NY3d 953 [2011]). Defendant's vehicle stopped at a suspected drug house, and an occupant entered and exited that house quickly, which was indicative of a drug transaction. Defendant does not dispute that his vehicle was then lawfully stopped for vehicle and traffic violations. Upon approaching the stopped vehicle, the arresting officer "immediately noticed in the driver side mirror that the driver was aggressively [*2]moving around in the seat." In the officer's opinion, "[i]t looked like [the driver] was reaching behind him." Based on the officer's experience, "when you're seeing somebody moving around like that, you cautiously approach because you don't know what they're doing . . . A lot of times when they're doing that, they're trying to locate a weapon."
Inasmuch as "[i]t is well known that violence is typically associated with narcotics trafficking" (People v Woolnough, 180 AD2d 837, 839 [2d Dept 1992], lv denied 79 NY2d 1056 [1992]) and that weapons are "commonly associated with drug transactions" (People v Contrero, 232 AD2d 213, 214 [1st Dept 1996], lv denied 89 NY2d 1090 [1997]; see People v Broadie, 37 NY2d 100, 112-113 [1975], cert denied 423 US 950 [1975]), we conclude that the officer's observations combined with his knowledge that defendant was coming from a suspected drug transaction were sufficient to establish "a reasonable suspicion that [defendant was] armed or pose[d] a threat to safety" (Batista, 88 NY2d at 654; see People v Carter, 109 AD3d 1188, 1189 [4th Dept 2013], lv denied 22 NY3d 1087 [2014]; Daniels, 103 AD3d at 1205; cf. People v Ford, 145 AD3d 1454, 1455 [4th Dept 2016], lv denied 29 NY3d 997 [2017]).
Finally, defendant contends that he was improperly sentenced as a second felony offender for three reasons, i.e., because the People failed to comply with the procedures set forth in CPL 400.21 by failing to file a predicate felony statement; because the court's response to defendant's challenges to the predicate conviction was insufficient and failed to comply with CPL 400.21; and because the court failed to make an express finding that the predicate felony was a violent felony pursuant to CPL 400.21 (7) (c).
With respect to the first reason, we conclude that defendant's contention is not preserved for our review inasmuch as defendant failed to object to the absence of a predicate felony statement (see People v Rohadfox, 175 AD3d 1813, 1815 [4th Dept 2019], lv denied 34 NY3d 1019 [2019]; People v Mateo, 53 AD3d 1111, 1112 [4th Dept 2008], lv denied 11 NY3d 791 [2008]). In any event, he waived that contention when he admitted the prior felony conviction in open court (see People v Butler, 96 AD3d 1367, 1368 [4th Dept 2012], lv denied 20 NY3d 931 [2012]; People v Harris, 233 AD2d 959, 959 [4th Dept 1996], lv denied 89 NY2d 1094 [1997]).
With respect to the second reason, we conclude that the court was not required to conduct a hearing because defendant was previously adjudicated to be a predicate felon, a finding that we affirmed on appeal (People v Grimes, 133 AD3d 1201, 1203 [4th Dept 2015]) and that is binding upon defendant here (see CPL 400.21 [8]; People v Christian, 229 AD2d 991, 991 [4th Dept 1996], lv denied 88 NY2d 1020 [1996], cert denied 543 US 841 [2004]; see also People v Loughlin, 66 NY2d 633, 635-636 [1985], rearg denied 66 NY2d 916 [1985]).
With respect to the third reason, defendant contends that, although the court repeatedly informed him that his predicate felony was a violent felony, the court failed to make an express finding that the predicate was for a violent felony "[a]t the conclusion of the hearing," as required by CPL 400.21 (7) (c). Defendant, however, raised no objection to the alleged procedural error, and we thus conclude that his contention is not preserved for our review (see People v Hawkins, 94 AD3d 1439, 1440 [4th Dept 2012], lv denied 19 NY3d 974 [2012]; People v Hodge, 23 AD3d 1062, 1063 [4th Dept 2005]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court