People v Kabia (2021 NY Slip Op 04635)





People v Kabia


2021 NY Slip Op 04635


Decided on August 5, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:August 5, 2021

110372
[*1]The People of the State of New York, Respondent,
v
Ahzallam Kabia, Appellant.

Calendar Date:December 17, 2020

Before:Lynch, J.P., Clark, Pritzker and Colangelo, JJ.

Danielle Neroni Reilly, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered February 15, 2018, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.
Based upon the discovery of a sawed-off shotgun in a vehicle in which defendant was a passenger, as well as the subsequent discovery of a shotgun shell on defendant's person, a jury convicted defendant of criminal possession of a weapon in the second degree. County Court sentenced defendant to a prison term of 10 years, followed by five years of postrelease supervision. Defendant appealed and, when such appeal was previously before this Court (190 AD3d 1105 [2021]), we found that defendant's conviction was supported by the weight of the evidence. However, we found that County Court's basis for denying defendant's motion to suppress the shotgun and the shotgun shell was not supported by the hearing evidence. Therefore, we reversed the denial of defendant's suppression motion, held the appeal in abeyance and remitted the matter to County Court "to review the evidence presented at the suppression hearing, consider any alternate bases to suppress the physical evidence and render a new determination on defendant's motion" (id. at 1107). Following remittal, County Court issued an order finding that the loaded shotgun was discovered and seized as the result of a lawful inventory search of the vehicle, that the discovery of the shotgun provided reasonable cause for defendant's arrest and that the shotgun shell found on defendant's person was lawfully seized during a search incident to defendant's arrest. Consequently, County Court denied defendant's motion to suppress. Upon review of the parties' supplemental briefs, as well as the outstanding issues raised by defendant on appeal, we now affirm.
Defendant challenges County Court's determination that the inventory search of the vehicle was valid. To be constitutionally valid, an inventory search must "be conducted according to a familiar routine procedure" and that procedure must "meet two standards of reasonableness" (People v Galak, 80 NY2d 715, 719 [1993]). "First, the procedure must be rationally designed to meet the objectives that justify the search in the first place" and "[s]econd, the procedure must limit the discretion of the officer in the field" (id.; see People v Walker, 20 NY3d 122, 126 [2012]; People v Johnson, 1 NY3d 252, 256 [2003]). "The police must follow a reasonable procedure, and must prepare a 'meaningful inventory list'" (People v Walker, 20 NY3d at 127, quoting People v Johnson, 1 NY3d at 256; see People v Gomez, 13 NY3d 6, 11 [2009]). "[G]reat weight is accorded [to] the trial court's determination at a suppression hearing and, absent a basis in the record for finding that the court's resolution of credibility issues was clearly erroneous, its determinations are generally not disturbed" (People v Williams, 25 AD3d 927, 928 [2006] [internal quotation marks and citation [*2]omitted], lv denied 6 NY3d 840 [2006]; see People v Smith, 185 AD3d 1203, 1207 [2020]).
At the suppression hearing, the People marked the Albany Police Department's Vehicle Towing Procedure for identification but did not offer it into evidence. Defendant argued that certain language in the procedure was unconstitutionally overbroad, and County Court ultimately took judicial notice of the procedure.[FN1] Testimony from the officer who conducted the inventory search established that the license plate affixed to the vehicle did not match the vehicle's registration, and a review of the Vehicle Towing Procedure demonstrates that the vehicle was lawfully impounded and inventoried under such circumstances. Although the People did not elicit detailed testimony from the officer as to the substance of the procedure, as would have been the best practice, the officer unequivocally testified that he followed the procedure and filled out a vehicle inventory report in accordance with Albany Police Department standards and that a tow form was also completed. The inventory report and dash cam footage of the traffic stop and subsequent inventory search, which were admitted into evidence, revealed that the discovery of the physical evidence "evolved pursuant to a familiar police routine and not from a pretextual search for evidence" (People v Briggs, 21 AD3d 1218, 1219 [2005], lv denied 5 NY3d 851 [2005]; compare People v Espinoza, 174 AD3d 1062, 1064 [2019]). The omission of items from the inventory report does not render the inventory search invalid (see People v Walker, 20 NY3d at 127; People v Owens, 39 AD3d 1260, 1261 [2007], lv denied 9 NY3d 849 [2007]). Upon review of the record evidence, as well as the Vehicle Towing Procedure, we agree with County Court that the inventory search was lawful (see People v Gabriel, 155 AD3d 1438, 1440-1441 [2017], lv denied 31 NY3d 1081 [2018]; compare People v Jones, 185 AD3d 1159, 1161-1162 [2020]; People v Leonard, 119 AD3d 1237, 1238-1239 [2014]). We therefore uphold County Court's denial of defendant's suppression motion.
Defendant also contends that the People improperly used his pretrial silence as evidence of guilt. As defendant correctly observes, it is generally impermissible for the People to use a defendant's pretrial silence as evidence of guilt in their direct case or to impeach the defendant should he or she opt to testify at trial (see People v Chery, 28 NY3d 139, 144 [2016]; People v Williams, 25 NY3d 185, 191 [2015]). Defendant argues that the People violated this precept on three occasions by asking a police officer involved in defendant's arrest whether defendant ever stated that he was intoxicated and asking another police officer about defendant's failure to respond to interview questions and why the interview attempt was ultimately terminated. Defendant, however, did not object to such questions and, thus, failed to preserve his argument for our review (see People v Williams, 40 AD3d 1364, 1366 [*3][2007], lv denied 9 NY3d 927 [2007]; People v Mayo, 26 AD3d 669, 671 [2006]). In any event, the testimony given in response to the People's questions may have been beneficial to defendant's intoxication defense, as defendant was described as appearing "pretty groggy" and nonresponsive. Moreover, defendant introduced the video of his police interview into evidence during his cross-examination of one of the officers, before the People asked one of the challenged questions. To the extent that any of the People's questions were improper, we would find any such error to be harmless in light of all the evidence (see People v Williams, 40 AD3d at 1367).
Defendant further argues that he was deprived of a fair trial as a result of improper questions and comments by the prosecutor. Although defendant successfully objected to many of the alleged improper questions and comments, he did not object to all of them; thus, defendant's claim is only partially preserved (see People v Horton, 181 AD3d 986, 996 [2020], lv denied 35 NY3d 1045 [2020]). Nevertheless, a review of the record and the alleged instances of prosecutorial misconduct reveals that this is not a case in which the prosecutor engaged in a flagrant and pervasive pattern of prosecutorial misconduct (see People v Johnson, 183 AD3d 77, 90 [2020], lv denied 35 NY3d 993 [2020]; People v Andrade, 172 AD3d 1547, 1553 [2019], lvs denied 34 NY3d 928, 937 [2019]). The questions and comments that defendant takes issue with were, at most, the product of an inartful presentation by the prosecutor. The prosecutor struggled to ask questions in proper form at times and, through defendant's objections, was required to rephrase them. With respect to comments made during summation, we find that most were fair comment on the evidence or were in response to comments made during defendant's summation (see People v Rudge, 185 AD3d 1214, 1217 [2020], lv denied 35 NY3d 1070 [2020]; People v Meadows, 183 AD3d 1016, 1022 [2020], lv denied 35 NY3d 1047 [2020]). To the extent that any questions or comments were improper, "the cumulative effect of the challenged [questions and] comments was not so prejudicial as to deny defendant his fundamental right to a fair trial, and we cannot say that the jury would not have convicted defendant but for the prosecutor's [questions and] comments" (People v Shamsuddin, 167 AD3d 1334, 1337 [2018], lv denied 33 NY3d 953 [2019]; accord People v Burns, 188 AD3d 1438, 1442 [2020], lvs denied 36 NY3d 1055, 1060 [2021]).
We find defendant's remaining arguments to be unpersuasive. Contrary to defendant's contention, our review of the record as a whole reveals that he received meaningful representation from his attorney, who, among other things, made appropriate and relevant pretrial and trial motions, meaningfully cross-examined witnesses, raised numerous successful objections and advanced a reasonable trial strategy by presenting an intoxication defense (see People v Rose, 185 AD3d 1228[*4], 1232 [2020], lv denied 35 NY3d 1115 [2020]; People v Santiago, 185 AD3d 1151, 1156 [2020], lv denied 35 NY3d 1097 [2020]). Lastly, with respect to the 10-year prison sentence imposed, defendant failed to preserve his contention that he was penalized for exercising his constitutional right to a trial (see People v Houze, 177 AD3d 1184, 1189 [2019], lv denied 34 NY3d 1159 [2020]; People v Williams, 163 AD3d 1160, 1165 [2018], lvs denied 32 NY3d 1170, 1179 [2019]). In any event, although defendant was offered five years in prison in exchange for pleading guilty to a reduced charge, there is nothing in the record to support his claim that the sentence was retaliatory or vindictively imposed as a penalty for proceeding to trial (see People v Speed, 134 AD3d 1235, 1236-1237 [2015], lv denied 27 NY3d 1155 [2016]). As for the severity of the sentence, which fell well below the statutory maximum of 15 years in prison for a second violent felony offender (see Penal Law § 70.04 [3] [b]), we discern no abuse of discretion or extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Edwards, 124 AD3d 988, 992 [2015], lv denied 25 NY3d 1201 [2015]).
Lynch, J.P., Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: County Court did not expressly state in its written decision that it was taking judicial notice of the procedure. Nonetheless, it is apparent that County Court did so, having addressed defendant's argument that the procedure was unconstitutional and commented that the procedure "as drafted is not perfect." Under these circumstances, we discern no error in County Court sua sponte taking judicial notice of the procedure (see People v Gomez, 13 NY3d at 11; see generally People v Lora, 85 AD3d 487, 495 [2011], appeal dismissed 18 NY3d 829 [2011]).