People v Farmer (2022 NY Slip Op 04678)

People v Farmer

2022 NY Slip Op 04678

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

112774
[*1]The People of the State of New York, Respondent,
v
Joseph Farmer, Appellant.

Calendar Date:June 17, 2022

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Tina Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered September 24, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of a four-count indictment and other pending charges, defendant pleaded guilty to criminal possession of a weapon in the second degree and agreed to waive his right to appeal. He was sentenced, as a second violent felony offender, to the agreed-upon prison term of eight years followed by five years of postrelease supervision. Defendant appeals.
We agree with defendant's contention that his waiver of the right to appeal is invalid. The written waiver is overbroad and County Court's brief colloquy regarding the appeal waiver did not cure its defects (see People v Vezequ, 205 AD3d 1138, 1138 [2022]; People v Stratton, 201 AD3d 1201, 1202 [2022], lv denied 38 NY3d 1036 [2022]). As defendant's waiver of the right to appeal is unenforceable, defendant's challenge to the severity of the sentence is not precluded. Nevertheless, we discern no basis upon which to disturb the sentence as unduly harsh or severe (see CPL 470.15 [6] [b]) — particularly given defendant's lengthy criminal history, along with the fact that the agreed-upon sentence was well below the maximum term of imprisonment for a class C violent felony offense (see Penal Law §§ 70.04 [1] [a]; [3] [b]; 265.03 [3]; People v Kabia, 197 AD3d 788, 792 [2021], lv denied 37 NY3d 1162 [2022]; People v Feliciano, 108 AD3d 880, 882 [2013], lv denied 22 NY3d 1040 [2013]).
Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.