People v Caswell (2022 NY Slip Op 05416)

People v Caswell

2022 NY Slip Op 05416

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.

622 KA 21-00804

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
REGGIE CASWELL, DEFENDANT-APPELLANT. 

PAUL B. WATKINS, FAIRPORT, FOR DEFENDANT-APPELLANT.
REGGIE CASWELL, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a resentence of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered May 12, 2021. Defendant was resentenced upon his conviction of attempted robbery in the third degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted of, inter alia, attempted robbery in the third degree (Penal Law §§ 110.00, 160.05), and he now appeals from a resentence with respect to that count. He contends in his main brief that he was improperly resentenced as a second felony offender because he was neither personally served with a copy of the second felony offender statement that the People filed with Supreme Court and provided to defense counsel nor arraigned on it before the court imposed the resentence. We reject that contention and conclude that "strict compliance with [CPL 400.21] was not required inasmuch as defendant received reasonable notice of the accusations against him and was provided an opportunity to be heard with respect to those accusations during the [resentencing] proceeding" (People v Gonzalez, 61 AD3d 1428, 1429 [4th Dept 2009], lv denied 12 NY3d 925 [2009]). Thus, "any technical failure to comply with the procedure set out in CPL 400.21 'was harmless, and [remitting] for [personal service of the second felony offender statement] and resentencing would be futile and pointless' " (People v Terborg, 195 AD3d 1605, 1606 [4th Dept 2021], lv denied 37 NY3d 995 [2021], quoting People v Bouyea, 64 NY2d 1140, 1142 [1985]).
We reject defendant's further contention in his main brief that the court erred by failing to order a new presentence report or to make a record of having reviewed any prior presentence report before it resentenced him. As an initial matter, any such contention is unpreserved for our review inasmuch as defendant did not request an updated presentence report, object to the lack of any mention of a presentence report, updated or otherwise, at the resentencing, or move to vacate the resentencing on any ground relating to the lack of a presentence report (see generally People v Pinet, 201 AD3d 1370, 1371 [4th Dept 2022], lv denied 38 NY3d 953 [2022]; People v Griffin, 120 AD3d 1529, 1530 [4th Dept 2014]). In any event, we conclude that the court did not abuse its discretion in failing to order an updated presentence report pursuant to CPL 390.20 (1) before resentencing defendant. "The decision whether to obtain an updated report at resentencing is a matter resting in the sound discretion of the sentencing [j]udge" (People v Kuey, 83 NY2d 278, 282 [1994]; see People v Woods, 122 AD3d 1400, 1401 [4th Dept 2014], lv denied 25 NY3d 1210 [2015]; People v Lard, 71 AD3d 1464, 1465 [4th Dept 2010], lv denied 14 NY3d 889 [2010]). As we have repeatedly recognized, "[w]here as here, [the] defendant has been continually incarcerated between the time of the initial sentencing and resentencing, to require an update . . . does not advance the purpose of CPL 390.20 (1)" (Lard, 71 AD3d at 1465 [internal quotation marks omitted]; see People v Rajab, 133 AD3d 1241, 1241 [4th Dept 2015], lv denied 27 NY3d 1154 [2016]). We further conclude that the court did not err in imposing the resentence [*2]without making a record that it had reviewed any prior presentence report. "[I]t is well established that the mere absence of any reference to the presentence report at sentencing is insufficient to rebut the presumption of regularity accorded to judicial proceedings" (Pinet, 201 AD3d at 1371 [internal quotation marks omitted]; see People v Whilby, 188 AD3d 425, 426 [1st Dept 2020], lv denied 36 NY3d 1060 [2021]).
Moreover, we reject defendant's contention in his pro se supplemental brief that the court improperly denied him a hearing to challenge his second felony offender status. Defendant was previously adjudicated to be a predicate felon, a finding that we affirmed on appeal (People v Caswell, 56 AD3d 1300, 1304 [4th Dept 2008], lv denied 11 NY3d 923 [2009], reconsideration denied 12 NY3d 781 [2009], cert denied 556 US 1286 [2009]) and that is binding on defendant here (see CPL 400.21 [8]; People v Grimes, 196 AD3d 1088, 1090 [4th Dept 2021], lv denied 37 NY3d 1059 [2021]; People v Christian, 229 AD2d 991, 991 [4th Dept 1996], lv denied 88 NY2d 1020 [1996], cert denied 543 US 841 [2004]).
Defendant's remaining contentions in his pro se supplemental brief are not properly before us. To the extent that defendant seeks to challenge his original sentence, any such contention is not properly before us inasmuch as "a defendant who appeals from a resentence only may not challenge the underlying judgment" (People v Nelson, 195 AD3d 1442, 1443 [4th Dept 2021]; see generally CPL 450.30 [3]; People v Bradford, 138 AD3d 1436, 1437 [4th Dept 2016], lv denied 27 NY3d 1149 [2016]; People v Smith, 21 AD3d 1360, 1360 [4th Dept 2005], lv denied 5 NY3d 885 [2005]). Furthermore, defendant's contentions with respect to his motion pursuant to CPL 440.20 are not properly before us on appeal from the resentence, and defendant failed to obtain leave to appeal from the order deciding that motion (see People v Loiz, 175 AD3d 872, 873 [4th Dept 2019]; People v Moore, 81 AD3d 1325, 1325 [4th Dept 2011], lv denied 16 NY3d 897 [2011]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court